CASE 53.—ACTION IN THE COUNTY COURT BY THE COM-MONWEALTH AGAINST THE SOUTHERN PACIFIC COMPANY.—June 19, 1909.

## Commonwealth v. Southern Pacific Co.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

EMMET FIELD, Judge.

Judgment for the company and the Commonwealth appealed to the circuit court, which concurred in the judgment of the county court and the Common-wealth again appeals.—Affirmed.

Compromise and Settlement—Judgment—Demand for Taxes.—Though a liquidated demand for taxes cannot be compro-mised, the constitution does not forbid the compromise of an unliquidated demand, and a judgment upon an agreed stipulation of facts will not be disturbed ordinarily, except for fraud or mistake.

N. B. HAYS, JAS. BREATHITT, JAS. H. HAZELRIGG, J. SMITH HAYS and CHAS. H. MORRIS for Commonwealth.

HUMPHREY, DAVIE & HUMPHREY for appellee.
No Briefs in the record.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-ing.

After the Southern Pacific Company had been assessed for a franchise tax for the year 1905 by the board of valuation and assessment upon a valuation of the franchise at $1,000,000 on February 12, 1906, the Commonwealth of Kentucky by a revenue agent filed a suit against the Southern Pacific Company, seeking to have assessed the property of the company omitted by the assessor of Jefferson county, which should have been assessed as of September 1, 1905. Another similar suit was filed by another revenue agent on February 14, 1906. These two suits were consolidated and heard together, and a judgment was entered that there was omitted from assessment of defendant's property cash, stocks, bonds and choses in action of the fair cash value of $2,800,00'' and that no other or further property of the defendant was liable for assessment. After this judgment was entered, this suit was brought in the Jefferson county court by the Commonwealth to set aside the judgment on the ground that it was obtained by fraud, and was the result of an illegal compromise. Issues were made up. Proof was heard. The county court dismissed the petition. An appeal was taken to the circuit court, which concurred in the judgment of the county court. From that judgment the appeal before us is prosecuted.

The proof shows that the judgment in the county court in the original action was entered upon a stipulation of fact made by counsel in the action. The proof also shows that the matter was thoroughly canvassed before the agreement of fact was made. The county of Jefferson had employed distinguished counsel to represent it, and was, besides, represented by the county attorney, R. W. Bingham, afterward mayor of the city of Louisville. The two revenue

agents who had instituted the proceedings and their counsel also took part in the consultation. There was no misrepresentation or mistake of fact. The fiscal court of Jefferson county was consulted before the matter was closed, and it was also laid before the Auditor. If in a case of this sort the parties are bound by the stipulation of counsel, then we see no reason for opening the judgment. As a matter of fact, a large part of the record before us is made up on stipulations of counsel. While a liquidated demand for taxes can not be compromised there is nothing in the constitutional provision forbidding the compromise or settlement of unliquidated demands; and, while we would not sustain agreements made by counsel in cases of this sort where there was any evidence of fraud or mistake, judgment entered upon an agreed stipulation of facts will not otherwise be disturbed ordinarily. To so hold would be to say, in effect, that counsel could not make any stipulation of fact in cases of this sort, and to make judgments under such stipulations imply a starting point for fresh litigation. By the present statute no compromise judgment of this sort may be entered by the revenue agent except upon the written recommendation of the county attorney; but, under the statute, it may be entered upon his written recommendation. In the case at bar the matter was canvassed, not only by the county attorney, but by the fiscal court of Jefferson county and by special counsel who had been employed. While the present statute does not apply to the case at bar, because passed since this judgment was entered, it is a recognition by the Legislature of the power of the revenue agents in cases of this sort, before the limitation was put upon their authority by the pres-

ent act. The power to sue conferred by the original act carried with it the power to manage the suit, and this carried with it power to agree the facts rath · than require the evidence produced.

Judgment affirmed.

LASSING, J., not sitting.